## In re ADELPHIA COMMUNICATIONS CORP. SECURITIES & DERIVATIVE LITIGATION

### No. MDL–1502.

Judicial Panel on Multidistrict Litigation.

Dec. 12, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

## *ORDER DENYING TRANSFER*

WILLIAM TERRELL HODGES, Chairman.

This litigation consists of 38 actions pending in the Eastern District of Pennsylvania and one action pending in the Western District of New York as listed on the attached Schedule A.[1] Defendant Deloitte & Touche LLP (Deloitte) and nineteen financial institution defendants[2] move under 28 U.S.C. § 1407 for coordinated or

* Judge Sear took no part in the decision of this matter. All other members of the Panel participated in this decision under the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation,* 170 F.Supp.2d 1356, 1357–58 (Jud.Pan. Mult.Lit.2001).

1. Although the defendants originally included 40 Eastern District of Pennsylvania actions on

their motion, plaintiffs in two of the actions have since voluntarily dismissed their respective actions. Also, in addition to the actions presently before the Panel, the parties have identified seven related actions pending in the Eastern District of Pennsylvania.

2. The nineteen financial institutions are: Salomon Smith Barney Inc.; Fleet Securities, Inc.; BMO Nesbitt Burns Corp.; Banc of America Securities LLC; BNY Capital Markets; Inc.; CIBC World Markets; Credit

consolidated pretrial proceedings of this litigation in the Eastern District of Pennsylvania. Defendant Credit Suisse First Boston Corporation joins in the motion for transfer. Individual defendants John Rigas, Michael Rigas, Timothy Rigas, James Rigas, Peter L. Venetis, and James R. Brown support the motion for transfer. The New York City Pension Funds (N.Y.CPF), a plaintiff in an individual action in the Eastern District of Pennsylvania, opposes the motion to the extent the movants seek consolidation rather than coordination of the *NYCPF* action with other pending and future actions. In its pleadings, NYCPF took no position on the transfer of the Western District of New York action to the Eastern District of Pennsylvania; however, at oral argument NYCPF stated that it now opposed such transfer. Plaintiff in the Western District of New York action opposes transfer of its action, in large part because of the stay of proceedings in the Eastern District of Pennsylvania.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization at this time would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Plaintiff in the Western District of New York action argues that its action is not subject to the automatic stay of proceedings related to the bankruptcy of Adelphia Communications Corporation (Adelphia), because it has not named Adelphia as a defendant. The Panel notes that certain plaintiffs have filed a petition for a writ of mandamus in the Court of Appeals for the

Third Circuit challenging the stay of proceedings in the Eastern District of Pennsylvania. Because a decision by the appellate court may affect the scope or the bases of the stay of proceedings at issue here, the Panel has concluded to deny transfer under Section 1407 at the present time.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied without prejudice.

### SCHEDULE A

*MDL–1502—In re Adelphia Communications Corp. Securities & Derivative Litigation*

*Western District of New York*

W.R. Huff Asset Management, Co., LLC., etc. v. Deloitte & Touche, LLP, et al., C.A. No. 1:02–417

*Eastern District of Pennsylvania*

In re Adelphia Communications Securities Litigation, C.A. No. 2:02–1781

Richard Gitter v. Adelphia Communications Corp., et al., C.A. No. 2:02–1790

TZ Micro Computing, Inc. v. Adelphia Communications Corp., et al., C.A. No. 2:02–1813

William J. Hattrick, Jr. v. Adelphia Communications Corp., et al., C.A. No. 2:02–1816

Alan Shulimson v. Adelphia Communications Corp., et al., C.A. No. 2:02–1819

Lyonnais Securities (USA) Inc.; Scotia Capital (USA) Inc.; SG Cowen Securities Corporation; TD Securities (USA) Inc.; Barclay's Capital, Inc.; PNC Capital Markets, Inc.; Deutsche Bank Alex.Brown Inc.; J.P. Morgan Securities Inc.; ABN Amro Incorporated; Suntrust Equitable Securities; Morgan Stanley Dean Witter & Co.; Citibank, N.A.; and Citigroup, Inc.

*Steven Rossow, etc. v. John J. Rigas, et al.,* C.A. No. 2:02–1831

*Market Street Securities, Inc. v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–1835

*Israel Costa v. Adelphia Communication Corp., et al.,* C.A. No. 2:02–1839

*Mark G. Epstein v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–1871

*Joanne Gold v. Adelphia Communication Corp., et al.,* C.A. No. 2:02–1878

*Barry Goldman v. Adelphia Communication Corp., et al.,* C.A. No. 2:02–1893

*John Fuller v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–1987

*Gerald J. Strekal, et al. v. John J. Rigas, et al.,* C.A. No. 2:02–2061

*Crossway Partners, L.P. v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–2087

*Alan Garner, et al. v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–2099

*Mohammed Idries, etc. v. Pete J. Metros, et al.,* C.A. No. 2:02–2100

*Lewis Thomas Hardin v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–2112

*Joseph E. Stocke, et al. v. John J. Rigas, et al.,* C.A. No. 2:02–2121

*Ron Moore v. John J. Rigas, et al.,* C.A. No. 2:02–2136

*VR Associates v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–2238

*Robert Morello v. Adelphia Communication Corp., et al.,* C.A. No. 2:02–2403

*George B. Inabinet, et al. v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–2416

*Mead Ann Krim, etc. v. John J. Rigas, et al.,* C.A. No. 2:02–2600

*Michael D'Asaro v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–2618

*Mariella A. Echeverri v. Pete J. Metros, et al.,* C.A. No. 2:02–2836

*Thomas A. Kiefer v. Adelphia Communication Corp., et al.,* C.A. No. 2:02–3186

*Richard Turrell v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–3197

*Harold Weiner v. John J. Rigas, et al.,* C.A. No. 2:02–3211

*Charles Seebacher v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–3264

*Richard Burstein v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–3273

*Argent Classic Convertible Arbitrage Fund L.P., et al. v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–3547

*Philip Matovich v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–3561

*Alvin Victor, et al. v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–3659

*Jeffrey J. Hyslip v. John J. Rigas, et al.,* C.A. No. 2:02–3768

*Scott Burnside v. John J. Rigas, et. al.,* C.A. No. 2:02–3769

*New York City Employees' Retirement System, et al. v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–3778

*William D. Huhn, et al. v. John J. Rigas, et al.,* C.A. No. 2:02–4334

*Robert Lowinger v. John J. Rigas, et al.,* C.A. No. 2:02–6690